UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| Plaintiff,        ) | |
| v.                                                 ) | Case No. 07-CR-20066 |
| ) | |
| LAMAR TURNER,                               ) | |
| ) | |
| Defendant.        ) | |

**OPINION**

On July 6, 2009, Defendant, Lamar Turner, filed a pro se Motion for Modification of an Imposed Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) (in other words, a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c)(2)) (#22).  For the following reasons, Defendant's Motion (#22) is DENIED.

BACKGROUND

Defendant was indicted on June 6, 2007, with one count of knowingly possessing 50 grams or more of a mixture and substance containing cocaine base (crack) with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Defendant plead guilty to that offense on February 11, 2008.  The Pre-Sentence Report, filed on the day of sentencing, May 16, 2008, held Defendant responsible for 97 grams of crack and 139 grams of powder cocaine.  Under United States Sentencing Guidelines § 2D1.1, the total marijuana equivalency was 1,385.80 kilograms of marijuana.  This led, pursuant to U.S.S.G. § 2D1.1(c)(4) to a base offense level of 32 (cases between 1,000 and 3,000 kg of marijuana).  Following a 3-point reduction for acceptance of responsibility,

Defendant's total offense level was 29. Coupled with a Criminal History Category of III, Defendant's guidelines sentencing range was calculated at 108 to 135 months, according to the Sentencing Recommendation, filed the day of sentencing.

On July 11, 2007, the government filed a Notice of Prior Conviction, informing the court that it intended to rely on Defendant's felony conviction for possession of a controlled substance in Macon County, Illinois, case Number 02-CF-797 as a basis for an increased punishment under 21 U.S.C. § 841(b)(1). Both the Sentencing Recommendation and the PSR noted that this made the statutory mandatory minimum sentence 240 months in the Federal Bureau of Prisons. Even though the Sentencing Guidelines range was 108 to 135 months, because the statutorily required minimum sentence was greater than the maximum of the applicable guideline range, the statutorily authorized minimum sentence of 240 months became the guideline sentence pursuant to U.S.S.G. § 5G1.1(b). Defendant was ultimately sentenced to 180 months in the Bureau of Prisons, after the 240 month sentence was reduced pursuant to a Rule 35 motion made by the government.

On July 6, 2009, Defendant filed this pro se Motion for Modification of an Imposed Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2). In his motion, Defendant, without providing citations, determines that his new total offense level is 27 after applying a further two point reduction after the acceptance of responsibility. Defendant seems to be implying that the two point reductions for crack cocaine offenses applies to his case.

## ANALYSIS

First, it should be noted that Defendant's sentencing range was calculated after the amendments to the crack cocaine sentencing guidelines were in effect. As Defendant himself points out in the motion, the amendments became effective on November 1, 2007. Defendant's PSR was

prepared in the spring of 2008. Defendant's sentencing range was calculated under the amended guidelines.

Further, Defendant was sentenced based on the statutory mandatory minimum sentence. Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. [1(A)].

In the Poole case, the defendant, following the reduction of her sentence for distributing five or more grams of crack, moved for a further sentencing reduction based on reduction in base offense level for crack offenses. The district court denied her motion to modify based on 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction. Poole, 550 F.3d at 678. The defendant appealed, arguing that her sentence was based on a sentencing range subsequently lowered by the Guidelines Amendment 706 pertaining to crack offenses.

The Seventh Circuit rejected the defendant's argument. The sole issue on appeal for the Seventh Circuit was whether the district court had jurisdiction to revisit the defendant's sentence based on Amendment 706. Poole, 550 F.3d at 678. The Seventh Circuit found that the defendant's sentence was based on a statutory mandatory minimum, not a sentencing range that Amendment 706 lowered. The court noted that the district court judge initially calculated a guidelines range of 87-108 months, however a prior felony court conviction subjected the defendant to a statutory minimum sentence of 120 months. Because under U.S.S.G. § 5G1.1(b) the statutory minimum exceeded the otherwise applicable guideline range, the statutory minimum became the defendant's guidelines sentence. Poole, 550 F.3d at 678. The court concluded that while Amendment 706 lowered the defendant's base offense level, it did not lower the sentencing range on which her sentence was actually based- a statutory mandatory minimum sentence of 120 months in prison.

The court also rejected the defendant's argument that 706 applied because her *initial* sentence was calculated based on the guidelines range now altered by the amendment. The court reasoned that once the statutory minimum sentence was factored in, the initial guidelines calculation became academic, stating that:

> "A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered." Poole, 550 F.3d at 679.

The court then went on to cite Note 1(A) from U.S.S.G. § 1B1.10 and affirm the defendant's sentence, concluding that the district correct was correct that it lacked jurisdiction to revisit the

defendant's sentence when her sentence was based on a statutory mandatory minimum. Poole, 550 F.3d at 679. The court also found that Poole's subsequent sentence reduction under Rule 35(b) did not vest the district court with subject matter jurisdiction and where a defendant was sentenced below the statutory mandatory minimum upon motion of the government as a result of a defendant's substantial assistance, defendant was ineligible for a sentence reduction based on the retroactive amendment to the crack cocaine guidelines. Poole, 550 F.3d at 680.

In the instant case, Defendant's situation is that of the defendant in Poole. Defendant was sentenced not based on a guideline range altered by Amendment 706, but rather the sentence was based on the statutory mandatory minimum. Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2). Also, as mentioned above, Defendant's sentencing range was calculated based on the amended guidelines.

IT IS THEREFORE ORDERED:

Defendant's Motion for Modification of an Imposed Term of Imprisonment Pursuant to Title 18 U.S.C. § 3852(c)(2) (#22) is DENIED.

ENTERED this 8th day of July, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE